UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOLLY BATES                                        CIVIL ACTION

VERSUS                                             NO: 07-8248

STATE FARM FIRE & CAS. CO.                         SECTION: R

**ORDER AND REASONS**

On September 23, 2008, the Court entered an Order of Dismissal in this Hurricane Katrina insurance dispute. That order states:

> The Court having been advised by counsel for all parties that they have firmly agreed upon a compromise in this matter;
> IT IS ORDERED that this action be and it is hereby dismissed as to all parties, without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated.[1]

On November 17, 2009, nearly one year after the expiration of the time in which a party could have moved to reopen this case, defendant moved the Court to enforce the settlement and impose sanctions upon plaintiff's counsel.

The Court lacks subject-matter jurisdiction over this request. Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes. Both the Supreme Court and the Fifth Circuit have both explicitly held that there is no

---

[1] R. Doc. 19.

1

provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations of dismissal.  In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court held that, unlike the reopening of an action, "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."[2]  A district court may retain jurisdiction over the enforcement of the settlement agreement by incorporating the agreement into its dismissal order, or by retaining jurisdiction over the settlement contract.[3]  Here, the Court did neither.  If the court does not do so, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."[4]  Defendant has not pointed to any independent basis for federal jurisdiction, nor has it identified any authority under which the Court may take the steps defendant requests.

Even if defendant sought merely to reopen this matter, the time that the Court granted to reopen has long elapsed.  Although it appears that defendant has unsuccessfully sought to gain the

---

[2] 511 U.S. 375, 378 (1994).

[3] *Id.* at 381-82; *see also Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994).

[4] *Kokkonen*, 511 U.S. at 382.

necessary documents from plaintiff's counsel on numerous occasions, it has not made clear why it did not move to reopen the matter within the specified time, or why it waited nearly a year after the expiration of the specified time to seek the relief it currently does.[5]

The motion is therefore DISMISSED.

**New Orleans, Louisiana, this \_\_29th\_\_ day of March, 2010.**

**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[5] *See Walters v. Lexington Ins. Co.*, No. 07-8690, 2009 WL 1307869, at *1 (E.D. La. May 11, 2009) (dismissing motion to reopen and enforce settlement filed more than sixty days after expiration of court-specified time); *First Bank and Trust v. Haines*, No. 06-2269, 2006 WL 2088309, at *1-2 (E.D. La. July 24, 2006) (same); *United States Dep't of Labor v. Caro*, No. 99-2617, 2001 WL 1175116, at *1 (E.D. La. Oct. 3, 2001) (same).